UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HUMERA ALI** | **CIVIL ACTION** |
| **VERSUS** | |
| **DMITRIY ZINITCH, et al.** | **NO. 20-123-BAJ-SDJ** |

### ORDER

Before the Court are the following two motions: (1) an Expedited Motion to Compel and Extend Deadlines ("Motion to Compel") (R. Doc. 15), filed by Plaintiff Humera Ali ("Plaintiff") on May 7, 2021; and (2) a Motion for Leave to File First Amended and Restated Answer ("Motion for Leave") (R. Doc. 16), filed by Defendants Dmitriy Zinitch, Prime Insurance Company, and Aze, Inc. (collectively, "Defendants") on July 8, 2021. Plaintiff filed an Opposition to Defendants' Motion for Leave (R. Doc. 20) on July 29, 2021. No opposition to Plaintiff's Motion to Compel has been filed by Defendants, and the deadline for doing so has long passed. The Court addresses both Motions, in turn, below.

**I.    PLAINTIFF'S MOTION TO COMPEL**

In her Motion to Compel, which is not opposed, Plaintiff seeks (a) an order compelling supplemental responses to certain discovery requests she previously propounded on Defendants, (b) an order compelling Defendant Dmitriy Zinitch to provide dates on which his deposition can be taken, and (c) and an order extending the fact discovery deadline in this case.[1]

**a.    Responses to Discovery Requests**

---
[1] R. Doc. 15 at 1-2.

"[A] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (internal quotations and citation omitted). If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Federal Rule of Civil Procedure 37. *See, e.g., Lauter v. SZR Second Baton Rouge Assisted Living, LLC*, No. 20-813, 2021 WL 2006297 (M.D. La. May 19, 2021).

In her Motion to Compel, Plaintiff seeks, in part, an order compelling Defendants to provide supplemental responses to discovery requests propounded on Defendants in December 2019.[2] These discovery requests include Interrogatories Nos. 2, 4, 26, and 30-33, Requests for Production Nos. 4, 13, 14, 16, 31, 38, 39, 45-47, 50, 65-67, 71, and 73-78, and Requests for Admission Nos. 15-18, 20, 23-36, 39-41, 47, and 53.[3] As stated above, Defendants have not filed an opposition to this Motion to Compel, and the deadline for doing so has passed. As such, the Court considers this Motion unopposed. In addition, during the Parties' Rule 37 conference held on March 23, 2021, defense counsel agreed to respond to Plaintiff's discovery requests "within two weeks" from the date of the conference.[4] Given Defendants' agreement to provide supplemental responses coupled with their failure to oppose this Motion, the Court will grant

---

[2] *Id.* at 1.
[3] R. Doc. 15-1 at 6-21.
[4] R. Doc. 15-10 at 1.

Plaintiff's request and order Defendants' to provide supplemental responses as agreed to in the Rule 37 conference **within 14 days** of the date of this Order.  If said responses are still deficient, Plaintiff may seek further relief from the Court.  However, before any such relief can be requested, the Parties must conduct an additional Rule 37 conference, a detailed description of which—including participants; date and duration; specific, itemized topics discussed; and whether any issues were resolved—must be included in any future filings.[5]

      **b.**      **Deposition of Dmitriy Zinitch**

As alleged in Plaintiff's Motion to Compel, Plaintiff's counsel has made six (6) requests for available dates on which Defendant Dmitriy Zinitch ("Zinitch") can be deposed.[6]  In responses to said requests, defense counsel has stated that he is "in the process of attempting to reach Mr. Zinitch" and that he "ha[s] been unable to reach" Zinitch and "will just have to keep trying," as Zinitch's cell phone does not have voicemail.[7]  To the Court's knowledge, the deposition of Zinitch, a party to this litigation, has not been set.

Federal Rule of Civil Procedure 30(a)(1) allows a party, without leave of court, to "depose any person, including a party."  *See Augustine v. La. ex rel. Dep't of Pub. Safety & Corr.*, No. 10-171, 2011 WL 3420645, at *1 (M.D. La. Aug. 4, 2011) ("a person having knowledge of facts sought by the moving party is subject to examination") (citing Fed. R. Civ. P. 30(a)(1)); *E.E.O.C. v. Greater Metroplex Interiors, Inc.*, No. 08-1362, 2009 WL 412934, at *1 (N.D. Tex. Feb. 17, 2009) ("Under Rule 30(a)(1), a party may take the deposition of any other party.").  Further, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has

---

[5] In the alternative, the Rule 37 conference certificate must detail Plaintiff's counsel's good faith attempts to confer with defense counsel and provide evidence that defense counsel refused to confer after reasonable notice.
[6] R. Doc. 15-1 at 3.
[7] R. Doc. 15-8, 15-12 at 1.

the burden of clarifying, explaining, and supporting its objections." *DeSilva v. Allergan USA, Inc.*, No. 19-1606, 2020 WL 5947621, at *2 (C.D. Cal. Aug. 11, 2020) (citations omitted).

As discussed above, this Motion by Plaintiff is not opposed, and nothing in the record indicates Defendants' opposition to the taking of Zinitch's deposition. Defendants, therefore, **within 14 days** of the date of this Order, are instructed to provide to Plaintiff's counsel available dates on which Zinitch's deposition can be taken. Those dates should be **on or before November 12, 2021**.

Further, Plaintiff seeks "an order precluding Zinitch from testifying at trial should he fail to provide the available dates and attend that deposition."[8] The Court here acknowledges that should Zinitch fail to attend a noticed deposition, he will be subject to sanctions by this Court.[9] However, at this point of the proceedings, the Court declines to delineate exactly what those sanctions will be.

    c.    **Extension of Discovery Deadlines**

Finally, Plaintiff seeks an extension of the discovery and motion deadlines established in this Court's May 7, 2020 Order (R. Doc. 13). In that Order, the Court, *inter alia*, set the deadline for filing all discovery motions and completing all discovery except experts as March 30, 2021. Plaintiff seeks this extension to provide "adequate time to depose Zinitch, and review and address the discovery that will inevitably be required from the respondents' answers to the compelled discovery responses to her Requests for Production, Request for Admission, and Interrogatories."[10] The Court agrees with Plaintiff and finds good cause to grant this extension. As such, the Court will extend the fact discovery deadline until **November 12, 2021**, solely for the purpose of taking

---

[8] R. Doc. 15-1 at 1.
[9] *See* Fed. R. Civ. P. 37(d).
[10] R. Doc. 15-1 at 23.

Defendant Zinitch's deposition and allowing Plaintiff time to review the supplemental discovery responses provided by Defendants. At this time, the Court declines to reset any of the remaining discovery deadlines. However, the Court has scheduled a status conference, as set forth below, at which the Parties will discuss resetting the remaining discovery and motion deadlines as well as setting a trial date and pretrial deadlines.

## II.   DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER

The Court now turns to Defendants' Motion for Leave, in which Defendants seek leave of Court to file an Amended Answer.[11] Defendants filed their Motion for Leave on July 8, 2021, almost one year after the July 13, 2020 deadline for filing amended pleadings established in the Scheduling Order issued in this case.[12] Because Plaintiff's Motion is untimely, the Court must first determine whether good cause exists under Federal Rule of Civil Procedure 16(b)(4) to extend the deadline before it can consider whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2). *See S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). Rule 16(b)(4) allows a case schedule to be modified "only for good cause and with the judge's consent."

In order to show "good cause," as required by Rule 16(b)(4), "the party seeking modification must show the deadlines could not 'reasonably be met despite the diligence of the party needing the extension.'" *Robinson v. Babin*, No. 12-629, 2013 WL 4499111, at *2 (M.D. La. Aug. 14, 2013) (quoting *S & W Enters.*, 315 F.3d at 535). "For obvious reasons, the standard

---

[11] R. Doc. 16 at 2.
[12] R. Doc. 13 at 1.

focuses on the diligence of the party seeking the modification to the scheduling order." *Id.* "For guidance, the Fifth Circuit has articulated four factors to aid in determining whether 'good cause' exists: (1) the explanation for the failure to comply, (2) the importance of the matters that are the subject of the order, (3) the potential prejudice in allowing the requested action and (4) the availability of a continuance to cure any prejudice." *Id.* (citing *S & W Enters.*, 315 F.3d at 536).

      Here, the only explanation provided by Defendants for seeking to amend their Answer long after the deadline has passed is that "after reviewing prior discovery and based on their own investigation and based on the information obtained, defendants assert it is necessary to amend their previously filed responsive pleading … to conform with the information secured through the discovery process."[13]  No further information is provided.  Applying the four factors for determining "good cause," the Court finds that Defendants plausibly have satisfied only the first factor.  Defendants have indicated that information obtained in discovery—presumably after expiration of the deadline to amend had passed, though this is far from clear from Defendants' Motion for Leave—necessitated this request.  However, no information pertaining to any of the remaining factors, including the importance of the amendment, the potential prejudice in allowing the amendment, or whether a continuance could cure any such prejudice, has been provided.  As such, the Court finds that Defendants have failed to demonstrate good cause for seeking amendment of their Answer.  It will, therefore, deny Defendants' Motion for Leave, without prejudice.

---

[13] R. Doc. 16 at 2.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel and Extend Deadlines (R. Doc. 15) is **GRANTED**.  **Within 14 days** of the date of this Order, Defendants are ordered to provide supplemental responses to Plaintiff's Interrogatories Nos. 2, 4, 26, and 30-33, to Requests for Production Nos. 4, 13, 14, 16, 31, 38, 39, 45-47, 50, 65-67, 71, and 73-78, and to Requests for Admission Nos. 15-18, 20, 23-36, 39-41, 47, and 53 as agreed to during their March 23, 2021 Rule 37 conference.  Defendants also are instructed to provide available dates on which Zinitch's deposition can be taken to Plaintiff's counsel **within 14 days** of the date of this Order, which dates should be **on or before November 12, 2021**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File First Amended and Restated Answer (R. Doc. 16) is **DENIED WITHOUT PREJUDICE**.

In addition, a Telephone Status Conference is set for **November 2, 2021, at 2:00 p.m.** before Magistrate Judge Scott D. Johnson to discuss the remaining discovery and motion deadlines as well as to set a trial date and pretrial deadlines.  Counsel participating in the Conference shall call using the AT&T Teleconference System five minutes prior to the conference. Counsel will receive a separate e-mail containing dial-in information prior to the conference.

Signed in Baton Rouge, Louisiana, on October 8, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**